## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHARLES G. BRANT,

    Plaintiff,

v.                                                                                  Case No. 3:13-cv-412-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

    Defendants.
_____

FRED ANDERSON, JR.,

    Plaintiff,

v.                                                                                  Case No. 3:14-cv-1148-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

    Defendants.
_____

ETHERIA V. JACKSON,

    Plaintiff,

v.                                                                                  Case No. 3:14-cv-1149-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

    Defendants.
_____

JOE ELTON NIXON,

    Plaintiff,

v.     Case No. 3:14-cv-1152-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

    Defendants.

---

WILLIAM ROGER DAVIS,

    Plaintiff,

v.     Case No. 3:18-cv-353-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

    Defendants.

---

## ORDER

Plaintiffs are death row inmates of the Florida Department of Corrections (FDOC). Each, through counsel, has initiated a nearly identical action challenging the constitutionality of Florida's lethal injection protocol under 42 U.S.C. § 1983. *See Brant v. Allen*, No. 3:13-cv-412-MMH-SJH; *Anderson v. Allen*, No. 3:14-cv-1148-MMH-SJH; *Jackson v. Allen*, No. 3:14-cv-1149-MMH-SJH; *Nixon v. Allen*, No. 3:14-cv-1152-MMH-SJH; *Davis v. Allen*, No. 3:18-cv-353-MMH-SJH. Plaintiffs sue two Defendants in their official capacities: Warden of Florida State Prison, David Allen; and Secretary of the FDOC, Ricky D. Dixon. Upon the parties' joint request and to serve the interests of

2

judicial economy, the Court consolidated these cases "for purposes of discovery and all other pretrial matters." *See* Doc. 164.[1]

Before the Court are Defendants' Motion for a Protective Order (Doc. 185) and Plaintiffs' response thereto (Doc. 186); Plaintiffs' Motion to Compel District Eight Medical Examiner's Office to Comply with Subpoena (Doc. 188); and the parties' Joint Motion to Suspend Discovery Cutoff Deadline (Doc. 187). The Court addresses each motion in turn.

## Defendants' Motion for Protective Order

Defendants seek a protective order, under Federal Rule of Civil Procedure 26(c), to relieve them of their obligation "to respond to Plaintiffs' Request[s] for Admissions [(Requests)]." *See* Doc. 185. According to Defendants, Plaintiffs propounded 321 separate requests for admission under Federal Rule of Civil Procedure 36, many of which seek sweeping legal conclusions, require more than a mere application of the facts to the law, and are so vaguely phrased that providing answers would be unduly burdensome. *Id.* at 2-3. Defendants also argue that while there is no limit on the number of requests for admissions a party may propound, they "should not be of such a great number and broad scope as to cover all the issues even [in] a complex case, and obviously should not be sought in an attempt to harass an opposing party." *Id.* at 4 (quoting *Wilson v. Jackson Nat'l Life Ins. Co.*, No. 3:15-cv-926-

---

[1] When the Court granted the parties' request to consolidate, it directed the parties to file all documents only in the lead case: *Brant*, No. 3:13-cv-412-MMH-SJH. Thus, all motions the Court addresses in this Order have been filed only in *Brant*, and all docket citations are to the corresponding docket number in *Brant*.

3

J-39JBT, 2017 WL 10402569, at *1 (M.D. Fla. Feb. 12, 2017)). They further maintain that Plaintiffs' Requests are improper because they concern allegations that Defendants have already denied. *Id.* at 5. As such, Defendants assert that the Court's "entry of a protective order is necessary to relieve Defendants of the obligation to respond." *Id.* at 6.

In response, Plaintiffs argue "Defendants have failed to demonstrate good cause to excuse them wholesale from responding" to the Requests. Doc. 186 at 4. They contend that out of their 321 Requests, Defendants have identified only 20 that are purportedly objectionable. *Id.* Plaintiffs argue that Rule 36 allows Defendants to individually object to specific requests, but Defendants still must provide answers and make those individual, specific objections when responding. *Id.* Plaintiffs also argue that their Requests "properly ask Defendants to admit 'facts, the application of law to facts, or opinions about either' . . . ." *Id.* at 4 (quoting Fed. R. Civ. P. 36(a)(1)(A)). They contend they appropriately request information that might "require Defendants to consult with their retained experts"; "Defendants have not previously denied the issues explored in the" Requests; and their Requests do not seek to harass Defendants, but "are a proper attempt to narrow the issues in this case . . . ." *See id.* at 4-19.

Under Rule 26(c)(1), a "party . . . from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The decision to enter a protective order is within the Court's discretion. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.

4

Fla. 2005) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)). But "[t]he burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978));[2] *see also Chiorando v. Fed. Ins. Co.*, No. 6:21-cv-2172-CEM-EJK, 2023 WL 11979840, at *1 (M.D. Fla. May 4, 2023).

Preliminarily, the Court declines to enter a blanket protective order as to all Requests based solely on the number of Requests (and, though implying it should, Defendants do not expressly make such an argument). *See, e.g.*, *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 254 (N.D. Tex. 2016) (denying motion for protective order predicated on number of requests for admission because "[t]he Court does not believe that there is any particular absolute number of Rule 36 requests that will be excessive across every case" and "564 is, no doubt, a lot of requests for admission, but whether it is too many depends on the particular circumstances presented") (internal citations omitted).

As for the remaining issues raised by Defendants, Defendants do not make specific objections matched to specific requests. They identify 20 of Plaintiffs' Requests

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

as purportedly improper, but they have declined to answer *any* of the Requests, implying they find others objectionable without specifying as much. The issues raised are better addressed, if necessary, after: (i) Defendants respond to the Requests (including answering any individual Requests to the extent wholly or partially non-objectionable); (ii) Defendants make Request-specific objections, if any, in accordance with Rule 36; and (iii) the parties confer in good faith and limit motion practice to any specific Requests and objections that cannot be resolved through good-faith conferral. *Cf. NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-cv-795-J-39MCR, 2014 WL 12609864, at *2 (M.D. Fla. July 2, 2014) (denying motion without prejudice where certain requests appeared improper but party had "not made specific objections matched to specific requests (other than providing limited examples) and its blanket objections [did] not seem to apply to every discovery request at issue"); *Boxabl Inc. v. Garman*, No. 2:23-cv-01213-RFB-NJK, 2024 WL 1857217, at *1 (D. Nev. Apr. 26, 2024) ("The ordinary course for discovery disputes is that the parties confer on the specific objections lodged to particular discovery requests and, if that conferral effort is unsuccessful, the parties seek a judicial ruling on the validity of the specific objections in the context of the particular discovery requests in dispute. The Court has been provided no reason to scrap the normal process and to instead issue broad rulings untethered to specific objections to particular requests.") (citations omitted).

Thus, Defendants' Motion for Protective Order is **denied without prejudice** to Defendants' ability to raise any Request-specific relief or objections after properly

responding to Plaintiffs' Requests for Admissions in accordance with Rule 36 and conferring as set forth herein.

### Plaintiffs' Motion to Compel

Plaintiffs move to compel the District Eight Medical Examiner's Office (Medical Examiner), a non-party, to comply with their Federal Rule of Civil Procedure 45 subpoena. *See* Doc. 188. In the subpoena at issue (Subpoena), Doc. 188-1 at 5-9, Plaintiffs requested the Medical Examiner to produce, *inter alia*, copies of written autopsy reports as well as autopsy photographs, videos, and audio recordings for the fourteen named individuals who were executed using the Etomidate Protocol, *id.* at 8.

The Motion to Compel is due to be denied without prejudice. Preliminarily, there is no indication that the Motion to Compel was served on the Medical Examiner, *see* Doc. 188, which alone requires the Motion's denial, *see Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-cv-257-JJB-RLB, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014). More fundamentally, a motion to compel under Rule 45 must be filed in "the court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 45(g). "The prevailing rule across federal courts, and the courts within this circuit, is that a subpoena's place of compliance is the district where documents are to be produced." *Celestin v. City of Ocoee*, No. 6:21-cv-896-RBD-EJK, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (collecting cases); *see also Lebarr v. Lay*, No. 3:20-cv-88-HLA-JBT, 2022 WL 2275172, at *1 (M.D. Fla. June 23, 2022); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2022 WL 1619393, at *1 (M.D. Fla.

Apr. 19, 2022).³ Any other district lacks jurisdiction over a Rule 45 motion to compel. *See Lebarr*, 2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1.

Here, the Subpoena does not appear to have commanded the production of documents at any particular location, but it requested documents from Gainesville, Florida, and specified that they could be produced (through email) to an attorney located in Chicago, Illinois. Doc. 188-1 at 5. As such, and as the Subpoena does not require compliance in this district, the Middle District of Florida lacks jurisdiction over the Motion to Compel. *See Lebarr*, 2022 WL 2275172, at *1; *Celestin*, 2022 WL 833131, at *1; *Taser Int'l*, 2022 WL 1619393, at *1. Accordingly, the Motion to Compel is **denied without prejudice**.

Accordingly, it is **ORDERED**:

1. Defendants' Motion for a Protective Order (Doc. 185) is **denied without prejudice**. Within thirty days of this Order, Defendants must respond to Plaintiffs' Requests for Admissions.

2. Plaintiffs' Motion to Compel District Eight Medical Examiner's Office to Comply with Subpoena (Doc. 188) is **denied without prejudice**.

---

³ There is, however, other authority that "[t]he district of compliance for a nonparty corporation is where the corporation is headquartered." *See Moore v. Pooches of Alrgo, Inc.*, No. 8:20-cv-2184-MSS-SPF, 2023 WL 2584466, at *2 (M.D. Fla. Mar. 21, 2023); *Sec. & Exch. Comm'n v. TCA Fund Mgmt. Grp. Corp.*, No. 20-cv-21964, 2021 WL 9440378, at *1 (S.D. Fla. June 10, 2021). For present purposes, the distinction need not be resolved. The Medical Examiner's office is located in Gainesville, Florida, and the Subpoena requested production from there to Chicago, Illinois. Neither Gainesville nor Chicago are in the Middle District of Florida.

3. The parties' Joint Motion to Suspend Discovery Cutoff Deadline (Doc. 187) is **granted to the extent** that within twenty days of this Order, the parties shall confer and file a new proposed amended case management and scheduling order.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of June, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Jax-7

C: counsel of record