**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES G. BRANT,

       Plaintiff,

v.                                                              Case No. 3:13-cv-412-MMH-SJH

DAVID ALLEN and RICKY D.
DIXON,

       Defendants.

_____

FRED ANDERSON, JR.,

       Plaintiff,

v.                                                              Case No. 3:14-cv-1148-MMH-SJH

DAVID ALLEN and RICKY D.
DIXON,

       Defendants.

_____

ETHERIA V. JACKSON,

       Plaintiff,

v.                                                              Case No. 3:14-cv-1149-MMH-SJH

DAVID ALLEN and RICKY D.
DIXON,

       Defendants.

_____

JOE ELTON NIXON,

      Plaintiff,

v.                                         Case No. 3:14-cv-1152-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

      Defendants.

_____

WILLIAM ROGER DAVIS,

      Plaintiff,

v.                                         Case No. 3:18-cv-353-MMH-SJH

DAVID ALLEN and RICKY D. DIXON,

      Defendants.

_____

## **ORDER**

Before the Court is the parties' "Stipulation of the Parties Regarding Subpoenaed Autopsy Records and Request for Court order to Produce Autopsy Photographs." Doc. 207 (Stipulation). The parties explain that "[c]ounsel for Defendants, the Office of the Attorney General of Florida, also represent the Florida District Eight Medical Examiner's Office, and this stipulation is made on behalf of the Plaintiffs, the Defendants, and the District Eight Medical Examiner's Office." *Id.* at 3. According to the Stipulation, the parties and the Florida District Eight Medical Examiner's Office stipulate and agree for the latter to provide, pursuant to a subpoena, radiographic images and photographs including color copies (and video and audio

2

recordings should they be discovered to exist) related to the autopsies of individuals executed using the etomidate protocol," *id.* at 3-4, "subject to a protective order as outlined in" the Stipulation, *id.* at 6.

Under Florida Statutes section 406.135(2), "[a] photograph or video or audio recording of an autopsy held by a medical examiner is confidential." Fla. Stat. § 406.135(2); *see also id.* § 3(c). But a court, "upon a showing of good cause, may issue an order authorizing any person to view or copy a photograph or video recording of an autopsy or to listen to or copy an audio recording of an autopsy and may prescribe any restrictions or stipulations that the court deems appropriate." *Id.* § (4)(a). To determine good cause, the statute directs the court to consider "whether such disclosure is necessary for the public evaluation of governmental performance; the seriousness of the intrusion into the family's right to privacy and whether such disclosure is the least intrusive means available; and the availability of similar information in other public records, regardless of form." *Id.* §(4)(b).

Here, upon consideration of those factors, and the Stipulation, the Court finds good cause to the extent that entry of an Order authorizing Plaintiffs to view or copy the autopsy materials contemplated in the Stipulation, subject to the agreed parameters in the Stipulation, is warranted. *See, e.g., Urena v. Intex Recreation Corp.*, No. 6:19-cv-615-Orl-40EJK, 2019 WL 13245740, at *2 (M.D. Fla. Aug. 27, 2019).

Accordingly, the Stipulation is **granted** to the extent that the Florida District Eight Medical Examiner's Office is **authorized** pursuant to this Order to release to

Plaintiffs any autopsy photographs or video or audio recordings in their possession discussed in the Stipulation, which shall be subject to the parameters of the Stipulation, with which the parties shall comply.

To the extent the Stipulation could be construed to request any further relief from the Court, any such request is **denied without prejudice** to the filing of a properly supported motion. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *see also* Local Rule 3.01 (providing requirements for a motion). If the parties seek any further relief from the Court, stipulated or otherwise, they must file a renewed motion and memorandum of law. Any renewed motion must address, among any other requirements for the relief requested, the authority of the Court to direct (as opposed to authorize) the Florida District Eight Medical Examiner's Office to provide Plaintiffs with any records pursuant to the subpoena at issue, pursuant to a protective order or otherwise.[1] Any renewed motion must also address, if applicable, why entry of a protective order (beyond the Stipulation and this Order) is necessary. *See Urena*, 2019 WL 13245740, at *2; *see also In re Engle Cases*, No. 3:09-cv-10000-J-32JBT, 2011 WL 13142139, at *2 (M.D. Fla. Aug. 25, 2011).

---

[1] The Stipulation does not address this Court's Order (Doc. 190) denying without prejudice Plaintiffs' motion to compel the Medical Examiner to comply with their subpoena requesting autopsy materials, which found that since the subpoena did not require compliance in this district, the Middle District of Florida lacks jurisdiction over the motion to compel.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of February, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Jax-7

c:    counsel of record

5