# Attachment 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES G. BRANT,

Plaintiff,

v.

CASE NO.: 3:13-CV-412 MMH-JBT

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.

______________________________/

ETHERIA V. JACKSON,

Plaintiff,

v.

CASE NO.: 3: 14-cv-1149 MMH-JBT (consolidated with case no.; 3:13-cv-412)

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.

______________________________/

FRED ANDERSON, JR.,

Plaintiff,

CASE NO.: 3: 14-cv-1148

v.

MMH-JBT (consolidated with case no.; 3:13-cv-412)

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.

___________________________/

WILLIAM ROGER DAVIS,

Plaintiff,

v.

CASE NO.: 3: 18-cv-353 MMH-JBT (consolidated with case no.; 3:13-cv-412)

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.

___________________________/

JOE ELTON NIXON,

Plaintiff,

v.

CASE NO.: 3: 14-cv-1152 MMH-JBT (consolidated with case no.; 3:13-cv-412)

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.

_________________________/

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiff, by and through his attorneys, requests that the Defendants produce the following documents or tangible things at the Middle District Federal Public Defender's Office, 400 North Tampa Street, Suite 2625, Tampa, FL 33602, in accordance with the Definitions and Instructions set forth below, within thirty (30) days of service of these requests, or in such shorter time frame as the parties may agree or the Court may order:

**Definitions and Instructions:**

A. "Document or "documents" shall be given the broadest possible meaning under the Federal Rules of Civil Procedure and shall mean and include any writing of any kind, type or description, including, but not limited to, correspondence, letters, memoranda, facsimiles, electronic mail (email), notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, summaries, pamphlets, books, brochures, interoffice and intra-office communications, notations of any sort of conversation, telephone call messages, meetings or other communications, bulletins, magazines, publications, printed matter,

photographs, computer printouts, teletypes, telefax, worksheets, logs, purchase orders, sales material, voice recordings, transcripts and summaries of meetings, or recordings of meetings, speeches, presentations, records, analyses, schedules, forecasts, surveys, computer data, financial statements, balance sheets, profit and loss statements, statements of earnings, statements of net worth, credit reports, statement of operations, audit reports, financial summaries, statements of lists of assets, figure statistics, agreements, government filings, expense reports, pictures, photographs, drawings, computer cards, tapes, discs, instruction manuals, policy manuals and statements, and every other device or medium by which information of any type is transmitted, recorded or preserved. The term also means a copy where the original is not in your possession custody or control and every copy of a document if such copy is not an identical duplicate of the original.

B. "Plaintiffs" means and includes the plaintiffs in this action, and shall include plaintiffs' attorneys and persons acting on behalf of each of the foregoing.

C. "Defendants" shall mean and include any named defendant in this action, and shall include their predecessors, successors, and persons acting on behalf of each of the foregoing.

D. "You" or "your" shall mean and include each of the Defendants and shall also include the employees, agents, consultants, attorneys and representatives of each of the Defendants.

E. "FDOC" shall mean and include the Florida Department of Corrections, as well as its present and former officers, directors, employees, agents, and person acting on behalf of each of the foregoing.

F. "Complaint" shall mean the Plaintiffs' Complaints filed in this action on July 31, 2024, and September 13, 2024.

G. The term "relate," "related" or "relating" means to concern, concerning, referring to, regarding, supporting, containing, recording, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing, establishing or characterizing, either directly or directly, in whole or in part.

H. "Communications" means and refers to any contact, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, by which information of any nature was transmitted or transferred, including, without limitation, the giving or exchanging of information by speech, gestures, document(s) or any other means, or any request for information by any such means.

I. These Document Requests cover all documents in your possession, custody, or control, and include all documents in your immediate possession or in the possession of your attorneys or readily available to you through requests upon an agent or consultant of yours.

J. If you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order or produce a privilege log, setting forth as to each the following: (1) date; (2) author(s); (3) recipient(s); (4) description; (5) type of document; (6) subject matter; (7) basis for privilege or immunity; and (8) identity of all persons to who the document or copies were sent.

K. If any document responsive to this request was, but no longer is, in your possession, custody or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

L. If any document responsive to this request has been misplaced, discarded, or destroyed, describe each such document and indicate the manner and circumstances under which it was misplaced, discarded, or destroyed, if known, and its last whereabouts, if known.

M. These Document Requests are to be deemed continuing in nature so as to require proper supplemental responses if you obtain further or different information before trial.

N. Where the name or identity of a person is requested, state the person's full name, age, present and last known home and business address and telephone numbers.

O. Where the Document Requests call for knowledge or information of a party, the request includes the knowledge of a party's agents, representatives, and, unless privileged, attorneys.

P. A request to "describe" and to "explain" includes an identification of all relevant circumstances including but not limited to, identification of persons or dates.

Q. "Identify" shall mean, when used in reference to any document, to:

(1) State the type of document (e.g. letter, contract, memorandum, telegram);

(2) State its date;

(3) State the title, if any;

(4) State the number of pages thereof;

(5) Describe its general subject matter and contents;

(6) Identify its author or originator;

(7) State the name of each person for whom it was prepared;

(8) State the name of each person to whom it was delivered and by whom it was received;

(9) Identify its present location;

(10) Identify its present custodian;

(11) If the document is no longer in your possession or subject to your control, identify its last known custodian, describe the circumstances under which it is passed from your control to that person, and identify each person

having knowledge of such circumstances and the present location of the document;

(12) Documents to be identified shall include documents with respect to which a privilege is or may be claimed; and

(13) Provide the bates number.

R. "Identify" shall mean, when referring to a person, to provide the following information:

(1) Full name;

(2) Present or last known address;

(3) The last date when such address was known or believed to be correct; and

(4) Present or last known business affiliation, business address, title and occupation.

S. "Identify" shall mean, when referring to any act, to:

(1) Describe the substance or events constituting each act;

(2) Identify the date, duration, location and persons attending or participating in the event or occurrence; and

(3) Identify each document concerning, referring or relating to each act.

T. "Lethal Injection Procedures" shall mean all rules, regulations, and/or policies (written or unwritten) governing the administration of intravenous drugs for the purpose of inflicting the death penalty.

U. "Lethal Injection Team" shall mean the individuals involved in the performance of an execution, including health care professionals, prison officials, and/or any other Department or other state officials, employees, or agents whose presence at an execution is required by the Lethal Injection Procedures.

**SECOND SET OF DOCUMENT REQUESTS**

1. Pursuant to Fed. R. Civ. P. 26(e), Defendants have an obligation to supplement prior requests for production. Please provide updated records for all prior records productions, subject to the same limitations imposed by the Court in its Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel (Consolidated Case Doc. 144), including but not limited to the following:

   a. Training and execution logs for all executions that have occurred since Defendants' last production and for all executions that occur while this action is pending;

   b. Any updated licensing information for the pharmacists responsible for procuring drugs used in executions;

   c. Invoices, purchase logs, storage logs, disposal logs, and packaging photographs for etomidate, rocuronium bromide, potassium chloride, hydroxyzine, lidocaine, and sodium chloride; and

   d. Witness logs for all executions that have occurred since Defendants' last production and for all executions that occur while this action is pending.

2. Produce any and all records and communications between Defendants and agents of the federal government or any state offering or seeking assistance in procuring drugs for use in executions.
3. Produce any and all records and communications between Defendants and agents of the federal government or any state offering or seeking assistance in developing alternative execution methods.
4. Produce any records and communications with drug manufacturers or medical equipment providers' regarding the manufacturers/providers' objection to their products being used in executions.
5. Produce any and all records and communications with the 8th District Medical Examiners' Office regarding autopsies performed on individuals executed using the etomidate protocol.
6. Produce any and all records and communications with the University of Florida Pathology Laboratories regarding toxicology screens performed on individuals executed using the etomidate protocol.

Respectfully submitted this 11th day of February 2025.

/s/ David M. Poell

DAVID M. POELL, ESQ.
Sheppard Mullin Richter & Hampton, LLP
321 No. Clark Street
Suite 32nd Floor
Chicago, IL 60654
Telephone: 312-499-6349
dpoell@sheppardmullin.com

*/s/ Marie-Louise Samuels Parmer*
Marie-Louise Samuels Parmer
Florida Bar No. 005584
Samuels Parmer Law
P.O. Box 18988
Tampa, FL 33679
Telephone: 813-732-3321
marie@samuelsparmerlaw.com

*/s Brenna M. Egan*
BRENNA M. EGAN, ESQ.
Assistant Federal Defender
Florida Bar No. 113544
Capital Habeas Unit
Office of the Federal Defender
Middle District of Florida
400 N. Tampa Street, Suite 2625
Tampa, Florida 33602
Tel: 813-228-2715
Email: Brenna_Egan@fd.org
Secondary Email: FLM_CHU@fd.org

*/s Gregory W. Brown*
GREGORY W. BROWN, ESQ.
Assistant Federal Defender
Florida Bar No. 086437
Capital Habeas Unit
Office of the Federal Defender
Middle District of Florida
400 N. Tampa Street, Suite 2625
Tampa, Florida 33602
Tel: 813-228-2715
Email: Greg_Brown@fd.org

Secondary Email: FLM_CHU@fd.org