# Attachment 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES G. BRANT, et. al.,

Plaintiffs,

v.                                                              Case No: 3:13-cv-412-MMH-SJH

DAVID ALLEN, in his official capacity
as the Warden of Florida State Prison,
and RICKY D. DIXON, in his official
capacity as the Secretary, Florida
Department of Corrections,

Defendants.

_____/

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**THIRD[1] REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants David Allen and Ricky D. Dixon, by and through undersigned

counsel and pursuant to Fed. R. Civ. P. 34, respond to Plaintiffs' Second Set of

Requests for Production to Defendants as follows:

**1(a). Training and execution logs for all executions that occur while this action is pending.**

Objections: To the extent that this request seeks supplemental production stemming

---

[1] Plaintiffs have titled their February 11, 2025, Requests for Production of Documents as their Second Set; however, this appears to be a combination of requests for supplement to the previous requests for production as well as some new requests. The First Set (Requests 1-31) was responded to in 2020, and the Second Set (Requests 32-36) was responded to in 2024. Accordingly, Defendants will refer to these current requests as the Third Set.

from Requests #32 and 33, Defendants reassert the objections raised in response to those requests as well as those raised in response to related Requests #26 and 27.

Response: Notwithstanding the above objections, Defendants will produce copies of the requested documents with appropriate redactions pursuant to the Court's ruling (Doc. 144) on related Requests #26 and 27.

**1(b). Any updated licensing information for the pharmacists responsible for procuring drugs used in executions.**

Objections: To the extent that this request seeks supplemental production stemming from Request #3, Defendants reassert the objections previously raised.

Response: No new documents to produce since previous production.

**1(c). Invoices, purchase logs, storage logs, disposal logs, and packaging photographs for etomidate, rocuronium bromide, potassium chloride, hydroxyzine, lidocaine, and sodium chloride.**

Objections: To the extent that this request seeks supplemental production stemming from Request #1, Defendants reassert the objections previously raised. Defendants further note that Request #1 was limited to etomidate, rocuronium bromide, and potassium chloride, and accordingly assert the objections previously raised as to Request #1 as to the remaining additions to this request that are seeking records that are new rather than supplement.

To the extent that this request seeks supplemental production stemming from Requests #2, 8, 9, 10, and11, Defendants reassert the objections previously raised.

2

Response: Notwithstanding the above objections, Defendants will produce copies of the requested documents with appropriate redactions pursuant to the Court's ruling (Doc. 144) on Requests #2, 8, 9, 10, and 11.

**1(d). Witness logs for all executions that have occurred since Defendants' last production and for all executions that occur while this action is pending.**

Objections: To the extent that this request seeks supplemental production stemming from Request #34, Defendants reassert the objections previously raised as well as the objections raised in response to related Request #28.

Response: Notwithstanding the above objections, Defendants will produce the requested documents with appropriate redactions pursuant to the Court's ruling (Doc. 144) on related Request #28.

**2. Produce any and all records and communications between Defendants and agents of the federal government or any state offering or seeking assistance in procuring drugs for use in executions.**

Objections: Defendants reassert the objections raised in response to Requests #12 and 13. While Request #13 sought such records only for the period of September 1, 2013 through the date of the request, the Court ultimately sustained Defendants' objections with the limited exception of requiring Defendants to produce documents regarding general efforts to obtain pentobarbital or compounded pentobarbital between January 2017 and the date of the Order (January 2, 2024). Defendants contend that Request #13 did not contemplate any continuing discovery obligation based on its language,

3

nor would the Court overrule Defendants' objection to the extent that this is a new request in light of the prior ruling.

**3. Produce any and all records and communications between Defendants and agents of the federal government or any state offering or seeking assistance in developing alternative executions methods.**

Objections: To the extent that this request seeks supplemental production as to Requests #15, 17, and 19, Defendants reassert the objections previously raised. Further, to the extent that the Court overruled those objections in part by requiring limited production specifically as to pentobarbital or compounded pentobarbital, no responsive supplemental items exist.

To the extent that this is a new request for broader production encompassing more than what was requested previously, Defendants reassert the objections raised in response to Requests #15, 17, and 19. Additionally, Defendants object that this request is not relevant to the pending action which is limited to the constitutionality of the lethal injection protocol. This request also implicates sensitive data that would render it more difficult or impossible for the Department to obtain drugs to the extent this request relates to alternative methods of lethal injection, or any potential medical equipment or materials to the extent that it relates to non-lethal injection methods of execution that are not currently used in Florida and are irrelevant to this action.

**4. Produce any records and communications with drug manufacturers or medical equipment providers' regarding the manufacturers/providers' objection to their products being used in executions.**

4

<u>Objections</u>: This information is not relevant to the pending action and involves sensitive data that would render it more difficult or impossible for DOC to obtain the drug. Identification of the sources of lethal injection drugs, shelf life, and expiration dates would serve no useful purpose in this litigation and could serve to impede the legitimate state interest in obtaining such drugs and carrying out the lawful sentence imposed on the Defendant. <u>See</u> <u>Wellons v. Comm'r Ga. Dept. of Corr.</u>, 754 F.3d 1260 (11th Cir. 2014); <u>Chavez v. State</u>, 132 So. 3d 826, 829-30 (Fla. 2014) (affirming the denial of public records requests that sought information about the acquisition of midazolam and its use in Florida's lethal injection protocol, consultations with experts about midazolam before the current lethal injection protocol was issued, the manufacturer and distributor of the drugs used in the lethal injection protocol, and notes and records prepared by the Department with regard to previous executions).

**5. Produce any and all records and communications with the 8th District Medical Examiners' Office regarding autopsies performed on individuals executed using the etomidate protocol.**

<u>Objections</u>: To the extent that this request seeks supplemental production as to Request #25, Defendants reassert the objections previously raised. Further, Defendants object to this request pursuant to Sections 382.008, 406.135, 456.057, 945.10, Fla. Stat. and C.F.R. Section 164.502 as well as the Health Insurance Portability and Accountability Act of 1996. Additionally, Defendants object to this request insofar as it calls for the

production of documents not in their possession, custody, or control and calls for the

production of documents which are uniquely available or equally available from a third

party.

**6. Produce any and all records and communications with the University of Florida Pathology Laboratories regarding toxicology screens performed on individuals executed using the etomidate protocol.**

Objections: Defendants object to this request pursuant to Sections 382.008, 406.135,

456.057, 945.10, Fla. Stat. 45 C.F.R. Section 164.502, and the Health Insurance

Portability and Accountability Act of 1996. Additionally, Defendants object to this

request insofar as it calls for the production of documents not in their possession,

custody, or control and calls for the production of documents which are uniquely

available or equally available from a third party.

Respectfully submitted this 13th day of May 2025.

JAMES UTHMEIER
FLORIDA ATTORNEY GENERAL

/S/ CHRISTINA Z. PACHECO
CHRISTINA Z. PACHECO
Senior Assistant Attorney General
Florida Bar No. 71300
Christina.pacheco@myfloridalegal.com

SCOTT BROWNE
Chief Assistant Attorney General
Florida Bar No. 0802743
OFFICE OF THE ATTORNEY GENERAL
3507 E. Frontage Rd., Ste. 200
Tampa, Florida 33607

Telephone: (813) 287-7900
Scott.browne@myfloridalegal.com
capapp@myfloridalegal.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

to David M. Poell, Greg Brown, Brenna Egan, and Marie-Louise Samuels Parmer,

counsel for Plaintiffs, this 13th day of May 2025.

/s/ Christina Z. Pacheco
Christina Z. Pacheco