**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES G. BRANT,
Plaintiff,

CASE NO. 3:13-CV-412 MMH-JBT

v.

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.
___________________________/

ETHERIA V. JACKSON,

Plaintiff,

CASE NO. 3:14-cv-1149 MMH-JBT
(consolidated with case no. 3:13cv412)

v.

DAVID ALLEN, in his official capacity as the Warden of Florida Prison, et al.,

Defendants.
___________________________/

FRED ANDERSON, JR.,

Plaintiff,

CASE NO. 3:14-cv-1148 MMH-JBT
(consolidated with case no. 3:13cv412)

v.

DAVID ALLEN, in his official capacity as the Warden of Florida

Prison, et al.,

Defendants.
___________________________/

WILLIAM ROGER DAVIS,

Plaintiff,

CASE NO. 3:18-cv-353 MMH-JBT
(consolidated with case no. 3:13cv412)

v.

DAVID ALLEN, in his official
capacity as the Warden of Florida
Prison, et al.,

Defendants.
___________________________/

JOE ELTON NIXON,

Plaintiff,

CASE NO. 3:14-cv-1152 MMH-JBT
(consolidated with case no. 3:13cv412)

v.

DAVID ALLEN, in his official
capacity as the Warden of Florida
Prison, et al.,

Defendants.
___________________________/

**JOINT NOTICE ON SANCTIONS**

Notice is hereby given that the parties have conferred after conducting Rule 30(b)(6) depositions regarding Plaintiffs' request for sanctions. After conferral, the

parties have not been able to resolve all issues relating to sanctions stemming from the Rule 30(b)(6) depositions and therefore file this joint notice pursuant to this Court's order. Doc. 241.

**Certification of Conferral**

Counsel for the Parties conducted a conferral via videoconferencing on November 6, 2026 at 1:30 p.m. Present were Gregory Brown, Brenna Egan, David Poell, and Marie-Louise Samuels Parmer for the Plaintiffs, and Joshua Schow and Scott Browne for the Defendants.

**Issues Requiring This Court's Resolution**

Plaintiffs moved for sanctions under Fed. R. Civ. P. Rule 37(a)(5) in connection with their Motion to Compel Depositions of Defendants' Rule 30(b)(6) Representatives (Doc. 235). This Court granted the Motion to Compel and deferred the issue of sanctions on October 7, 2026 (Doc. 241). The parties conducted two Rule 30(b)(6) depositions on October 15, and October 16, 2026. The parties are unable to agree on the issue of sanctions.

A. Plaintiffs' Position: Sanctions against Defendants are warranted under Fed. R. Civ. P. Rule 37 because Defendants engaged in conduct that blatantly disregarded the clear language of Fed. R. Civ. P. Rule 30, by refusing to make their designees available for more than two hours each at the eleventh hour without a court order. Defendants' position was legally unsound and unjustified. Plaintiffs expended considerable resources litigating access to

depositions to which the Rules entitled them. According to Rule 37, Plaintiffs are entitled to reasonable expenses occurred in moving to compel the Rule 30(b)(6) depositions. Plaintiffs have calculated the costs as follows:

-Attorneys Fees incurred by Plaintiffs Nixon, Anderson, Davis, and Jackson, as to David Poell, Partner, Sheppard Mullin: Total: $8970 (Total of 6 hours at $1495 hourly rate).

-Attorneys Fees incurred by Plaintiffs Anderson, Davis, and Jackson as to Assistant Federal Defender Brenna Egan: Total: $1000 (10 hours at estimated $100 hourly rate).

-Attorneys Fees incurred by Plaintiffs Anderson, Davis, and Jackson as to Assistant Federal Defender Greg Brown: Total: $150 (1.5 hours at estimated $100 hourly rate).

- Attorneys Fees incurred by Plaintiff Brant: Total as to CJA Counsel Marie-Louise Samuels Parmer: $339 (1.5 hours at $226 CJA rate)

Plaintiffs accordingly request costs in the amount of $8970 to Sheppard Mullin for Mr. Poell's labor. Additionally, Plaintiffs request fees to reimburse the Court for CJA/Federal Defender labor at $1489. During the meet and confer, Plaintiffs offered to resolve the issue of fees by lowering the amount to $8000.

B. Defendants' Position: Defendants disagree that motion for sanctions related to the motion to compel Rule 30(b)(6) under the governing standards of Rule 37(5)(A)(i)-(iii) would be appropriate and do not agree that the monetary

amount requested is reasonable. After conferral, parties were not able to agree on a resolution.

**Additional Sanctions Issues Stemming from the Rule 30(b)(6) Depositions that the Parties Are Resolving**

**A. Issues Related to Preparedness of Defendants' Rule 30(b)(6) Designee Warden Randall Polk**

Plaintiffs have identified multiple questions relating to noticed topics that they believe Warden Randall Polk was not sufficiently prepared to answer during the Rule 30(b)(6) deposition, and Plaintiffs were prepared to move for sanctions accordingly. The Defendants have only conceded that topics related to the factual basis for requests for admissions (Topics 15-21) were not adequately answered. After conferral, the parties have agreed that Plaintiffs will serve a list of questions which they believe require better responses and Defendants will provide written responses to these questions pursuant to Federal Rule of Civil Procedure Rule 31. The parties agree further that should Defendants object to any of the questions posed, the objection will be accompanied by an answer (provided the question does not call for privileged information). The parties further agree they will ensure these additional questions and responses do not interfere with any other deadlines set by this Court.

**B. Issues Related to the Thoroughness of Defendants' Search for Documents as to Second Request for Production Requests 2 and 3**

During the Rule 30(b)(6) Deposition of Warden Randall Polk, Plaintiffs learned the parameters of the search conducted by Defendants as to Plaintiffs' Second Request for Production Requests 2 and 3. Plaintiffs identified what they believe to be deficiencies in the search. In lieu of seeking sanctions, Plaintiffs have provided a list of additional search terms to be queried related to their Second Request for Production Requests 2 and 3. Defendant have agreed to provide this list of terms to FDC for additional searches.

C. **Issues Related to the Spoliation of Handwritten Notes**

During the Rule 30(b)(6) deposition of Dr. Rena Marcano, Dr. Marcano explained that, when transporting drugs for an execution, some of the execution team members write handwritten notes that include the lot numbers, number of vials, and expiration date of exactly what drugs are pulled for an execution. Once the execution is completed, any remaining drugs are transported back to the storage facility. The drugs used during an execution are then logged in FDC's drug inventory log and the handwritten notes are shredded. Plaintiffs have demanded that FDC discontinue the practice of disposing of these handwritten notes. Plaintiffs maintain that these notes are subject to preservation as part of the ongoing litigation. Plaintiffs further maintain that these records are subject to the Court Order as to Request for Production #8 ("Produce copies of all logs pertaining to the receipt, use, and disposal of all lethal injection drugs). *See* Doc. 60, at 14-16. While Defendants question the relevance of these handwritten notes because the drug inventory logs provide a record of the drugs

used during an execution, Defendant's counsel has agreed to request FDC discontinue the practice of disposing of the handwritten notes. Defendant's counsel will provide Plaintiff's counsel an update on FDC's response no later than November 13, 2026.

Respectfully submitted,

/s/ David M. Poell

David M. Poell (pro hac vice)
Sheppard Mullin Richter &
Hampton, LLP
321 N. Clark Street, 32nd Floor
Chicago, IL 60654
Telephone: 312-499-6349
dpoell@sheppard.com

/s/ Brenna Egan
Brenna Egan (FL Bar No.: 0113544)
Greg Brown (FL Bar No.: 0086437)
Assistant Federal Defenders
Office of the Federal Defender
Middle District of Florida,
Capital Habeas Unit
400 N. Tampa St., Ste. 2625
Tampa, FL 33602
Telephone: 813-228-2715
Brenna_Egan@fd.org
Greg_Brown@fd.org

/s/ Marie-Louise Samuels Parmer
Marie-Louise Samuels Parmer
Florida Bar No. 005584
Samuels Parmer Law
P.O. Box 18988
Tampa, FL 33679
Telephone: 813-732-3321
marie@samuelsparmerlaw.com

***Counsel for Plaintiffs***

JAMES UTHMEIER
ATTORNEY GENERAL

/s/ Scott A. Browne
SCOTT A. BROWNE
Chief Assistant Attorney General
Florida Bar No. 0802743

**Joshua Schow**
Florida Attorney General's Office
Capital Collateral Appeals
3507 E. Frontage Road
Suite 200
Tampa, FL 33607
813-287-7108
Email:
joshua.schow@myfloridalegal.com
Florida Bar No. 1025691

***Counsel for Defendants***